IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAMELA CUBA                             *
                                              *
      v.                               *         Civil Case No. JKB-17-2943
                                              *
COMMISSIONER, SOCIAL SECURITY[1]  *
                                              *
                                   *************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). (ECF No. 4). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny Ms. Cuba's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Cuba applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on May 31, 2013, alleging a disability onset date of January 1, 2009. (Tr. 188-94, 195-200). Her application was denied initially and on reconsideration. (Tr. 82-99, 102-21, 124-28, 134-37). An Administrative Law Judge ("ALJ") held a hearing on May 27, 2016, at which Ms. Cuba was represented by counsel. (Tr. 38-81). Following the hearing, the ALJ

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

determined that Ms. Cuba was not disabled within the meaning of the Social Security Act. (Tr. 20-33). The Appeals Council ("AC") denied Ms. Cuba's request for further review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Cuba suffered from the severe impairments of "seizure disorder, lumbar degenerative disc disease, and obesity." (Tr. 23). Despite these impairments, the ALJ determined that Ms. Cuba retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes or scaffolds; she can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; and she must avoid concentrated exposure to workplace hazards, such as unprotected machinery and unprotected heights.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ found that Ms. Cuba was capable of performing her past relevant work as an office assistant and admissions assistant, as well as other jobs existing in significant numbers in the national economy. (Tr. 31-32). Therefore, the ALJ concluded that Ms. Cuba was not disabled. (Tr. 32-33).

On appeal, Ms. Cuba raises several arguments, including that: (1) the ALJ "fail[ed] to properly consider the effects of morbid obesity on the medically determinable impairments to make a determination whether the impairments or combination thereof meet or equal a listing," (ECF No. 19 at 3); and (2) the ALJ did not "fully and fairly develop the record by making determinations regarding Ms. Cuba's impairments by substituting his own judgment for those of medical professionals," *id.* at 4. Each argument lacks merit for the reasons set forth below.

First, Ms. Cuba argues that the ALJ failed to properly consider the effects of morbid obesity in his listing analysis. (ECF No. 19 at 3). Social Security Ruling 02-1p ("SSR 02-1p") provides that the ALJ will consider obesity in determining whether the claimant has a medically determinable impairment, whether the claimant's impairment is severe, whether the claimant's impairment meets or equals the criteria of any listings, and whether the claimant's impairment

prevents her from doing past relevant work or other work existing in significant numbers in the national economy. SSR 02-1p, 2002 WL 34686281, at *3 (S.S.A. Sept. 12, 2002). Importantly, the claimant bears the burden to produce evidence that she had an impairment that met or equaled the criteria of any listings. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)); *see also Thompson v. Comm'r of Soc. Sec.*, No. TJS-12-3331, 2014 WL 992528, at *2 (D. Md. Mar. 12, 2014) ("The claimant carries the burden of showing how h[er] obesity affects h[er] ability to perform work-related functions.") (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)).

Contrary to Ms. Cuba's argument, the ALJ adequately assessed Ms. Cuba's obesity during the listing analysis. The ALJ noted that, "[e]ven though there is no specific medical listing regarding obesity, [he] ha[s] evaluated the impairment below pursuant to the guidelines set forth in [SSR] 02-1p (*see Finding 5*)." (Tr. 25). Although the ALJ's discussion of Ms. Cuba's obesity during the listing analysis was limited, the ALJ later cited to medical records and thoroughly evaluated the effects of obesity on Ms. Cuba's RFC elsewhere in the decision. *See* (Tr. 30). Citing to the treatment records from Ms. Cuba's primary treating physician, the ALJ noted that, between October of 2013 until March of 2015, Ms. Cuba's body mass index ("BMI") ranged from 28.41 to 29.53. *Id.* (citations omitted). The ALJ then concluded that Ms. Cuba's obesity did not "seriously compromise [her] capacity to perform at least light work" for several reasons. *Id.* First, the ALJ found that the obesity "has not seriously affected the claimant's ability to use the upper extremities or in fact to get around on a regular basis, given her normal appearing gait and ability to shop and vacuum." *Id.* In particular, the ALJ cited to Dr. Hooshang Hodjati's August 24, 2013 physical examination records, *id.*, which noted that Ms. Cuba "does not show any difficulty with ambulation . . . [and] is able to get on and off exam table and up and

3

out of chair with no difficulty." (Tr. 364). Dr. Hodjati also indicated that Ms. Cuba "d[id] not use any assistive device for ambulation," did not exhibit "any difficulty with weightbearing or walking," and was "able to walk on level ground up to a mile." (Tr. 365-66).

Furthermore, the ALJ found that "there is no indication that the claimant's obesity has resulted in any other clinical manifestations, including severe edema of the lower extremities, chest pain, or severe shortness of breath." (Tr. 30) (citing 360-66, 454-521). To support his finding, the ALJ cited to Dr. Hodjati's examination records, as well as the treatment notes of Ms. Cuba's treating physician, Dr. Nnaemeka Agajelu. *Id.* During a September 16, 2015 appointment, for example, Dr. Agajelu found "no edema" in Ms. Cuba's extremities, and noted that Ms. Cuba's lungs exhibited "good air movement, [and] no wheezes, rales, [or] rhonchi." (Tr. 466); *see also* (Tr. 458) (Dr. Agajelu's March 14, 2016 progress notes, noting that Ms. Cuba's lungs exhibited "good air movement, [and] no wheezes, rales, [or] rhonchi"). Notably, Ms. Cuba has not identified or cited to evidence of any particular limitations that are caused by her obesity. *See McNeill v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2307, 2015 WL 5157493, at *2 (D. Md. Aug. 31, 2015) (holding that the ALJ adequately discussed the effects of the claimant's obesity in part because there is "no indication in the record that [the claimant's] obesity would medically equal any other listing"); *see also Brown v. Astrue*, Civil No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) (denying remand where the claimant failed to identify any evidence suggesting that his obesity caused greater limitations than the ALJ assigned). Accordingly, in light of the evidence of record, the ALJ properly evaluated Ms. Cuba's obesity in accordance with SSR 02-1p.

Ms. Cuba also argues that the ALJ failed to fully and fairly develop the record by substituting his own judgment for those of medical professionals. (ECF No. 19 at 5).

4

Specifically, Ms. Cuba contends that the ALJ erroneously concluded "that Ms. Cuba's seizures would be under control if she was compliant with her prescribed medication." *Id.* (citing (Tr. 29)). The ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citations omitted). Here, the ALJ found that Ms. Cuba's "seizure disorder appeared to be relatively controlled with the use of appropriate medicines, and she admitted to a recurrence of seizures when not taking her antiepileptic prescriptions." (Tr. 29). In doing so, the ALJ cited to and discussed the medical evidence, including a April 7, 2015 treatment record noting that Ms. Cuba "has seizures if she misses a dose of her [antiepileptic medication]." (Tr. 28, 438). Thus, the ALJ properly relied on the medical evidence in reaching his conclusion that Ms. Cuba was not disabled. I, therefore, recommend that the ALJ's decision be affirmed.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 20);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 19);

3. the Court AFFIRM the SSA's decision under sentence four; and

4. the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

*novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: September 12, 2018               /s/
                                        Stephanie A. Gallagher
                                        United States Magistrate Judge